**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMIN JUMAH, | : | |
| | : | Civil Action No.  14-1551 (ES) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |

**SALAS**, District Judge

Petitioner Amin Jumah (Petitioner) is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey, pending his removal from the United States. On or about March 3, 2014, Petitioner filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he challenged his detention. (D.E. No. 1.) For the reasons stated below, this Court will deny the Petition.[1]

**I. BACKGROUND**

Petitioner is a stateless Palestinian, who has been detained by ICE for more than thirteen months pending his case proceeding and completion of removal process. (Pet. ¶ 10.) Petitioner "entered the United States with valid documents or inspection or paroled and was with authorization to remain in the United States on or about (June Of 1989)." (*Id.*) Petitioner was

---

[1] In addition to Roy L. Hendricks, Warden of Essex County Correctional Facility, Petitioner has also named various federal officials as respondents. The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the petitioner is being held. Accordingly, Warden Roy L. Hendricks is the only properly named Respondent in this action, and the other named respondents will be dismissed from this action *with prejudice*. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

taken into the ICE custody on February 1, 2013 and has remained in ICE custody since that time. (*Id.*) In his original Petition, Petitioner stated that his removal order became final on January 31, 2013, however, Plaintiff filed an amendment to his Petition wherein he stated that the January 2013 date was incorrect and that his order of removal actually became final on January 31, 2014. (D.E. No. 2.) Petitioner alleges that ICE will be unable to remove him because he is a "Palestinian Stateless" and the Jordanian, Israeli and the Palestinian embassies have refused to issue travel documents for him. (Pet. ¶ 56(c)).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973), and because Petitioner asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1231. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

2

## B. Analysis

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90–day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period'")). 8 U.S.C. § 1231(a)(1)(A). This 90–day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90–day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90–day removal period, then §

1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

4

Here, Petitioner states that his removal order became final on January 31, 2014, the date that the immigration judge entered his decision.[2] As a result, when Petitioner filed his petition on March 3, 2014, the 90-day removal period, during which detention is mandatory, had not yet expired. Therefore, the Court will deny the petition, without prejudice, as premature. This denial is without prejudice to the filing of a new § 2241 petition (in a new case) upon the expiration of the six month presumptive period if Petitioner can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

## III. CONCLUSION

For the reasons set forth above, the petition will be denied without prejudice. An appropriate order follows.

Esther Salas, U.S.D.J.

---

[2] Since Petitioner states that his order became final on the date that the immigration judge entered his decision, the Court assumes that Petitioner waived his right to appeal. *See* 8 CFR § 1241.1.